IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARGARITO RICO SANCHEZ,

      Petitioner,

    v.

NEIL TURNER, WARDEN,

      Respondent.

CASE NO. 2:19-CV-1243
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis*. Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED.**

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these

are the circumstances here. Therefore, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his September 29, 2017, convictions pursuant to his guilty plea in the Madison County Court of Common Pleas on aggravated possession of drugs. On September 24, 2018, the Ohio Twelfth District Court of Appeals affirmed the judgment of the trial court. *State v. Sanchez*, 12th Dist. No. CA2017-11-020, 2018 WL 4566466 (Ohio Ct. App. Sept. 24, 2018). Petitioner did not file a timely appeal. On February 6, 2019, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Sanchez*, 154 Ohio St.3d 1499 (Ohio 2019).

On April 3, 2019, Petitioner filed this pro se habeas corpus petition. He asserts that the trial court abused its discretion in imposing a mandatory fine in view of his indigence and immigration status (claim one); and that the trial court abused its discretion by imposing a sentence of eight years when he was a first-time non-violent offender (claim two). Neither of these claims provide a basis for federal habeas corpus relief. Moreover, Petitioner procedurally defaulted both of his claims by failing to file a timely appeal in the Ohio Supreme Court.[1] This action plainly is subject to dismissal on both of these grounds. The Court will address the latter issue first.

## II. DISCUSSION

### A. PROCEDURAL DEFAULT

#### 1. Standard

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal

---

[1] This Court may sua sponte raise the issue of procedural default when conducting preliminary review under Rule 4. *See Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-00501, 2016 WL 4394138, at *2 (S.D. Ohio Aug. 18, 2016) ("[A]lthough federal courts are not required to raise procedural default sua sponte, neither are they precluded from doing so.") (citing *Sheppard v. Bagley*, 604 F.Supp.2d 1003, 1013 (S.D. Ohio 2009)).

2

courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find them barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test described in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id*.

Further, a claim is considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *Id*. If a petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court and no avenue of relief remains open, or if it would otherwise be futile for a petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

A petitioner can overcome procedural default, however, by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (holding that if a claim is procedurally defaulted, it must not be

4

considered unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent.") (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). Of note, the "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

### 2. Application

Petitioner properly raised both of his claims on direct appeal; however, he failed thereafter to file a timely appeal to the Ohio Supreme Court. The Ohio Supreme Court denied his motion for a delayed appeal. Petitioner thereby committed a procedural default and has waived his claims for review in these proceedings. *See Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 431–32 (6th Cir. 2006) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)); *Depinet v. Bunting*, No. 3:14-cv-1366, 2015 WL 5675076, at *6–7 (N.D. Ohio Sept. 25, 2015) (citations omitted).

Further, the record does not indicate that Petitioner can establish cause for this procedural default. It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). A petitioner's pro se status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla*, 370 F.3d at 498. Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). The record does not reflect such circumstances here.

The record likewise does not reflect that this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent" so as to excuse Petitioner's otherwise procedurally defaulted claims. *Murray*, 477 U.S. at 496. The

actual innocence exception to procedural default allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence -- i.e., evidence not previously presented at trial -- would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The record does not reflect such circumstances here.

## B. NON-COGNIZABLE CLAIMS

Even if Petitioner's claims were not procedurally defaulted, they would still fail because his claims do not provide a basis for federal habeas relief.

### 1. Claim One

In claim one, Petitioner challenges the trial court's imposition of a mandatory fine. This claim does not affect confinement, and therefore does not provide him a basis for relief. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)). Federal habeas review therefore is limited to claims that directly dispute the "very fact or duration of the [petitioner's] confinement." *See id.* at 500. Thus, "[a] ground for relief that challenges the correctness of a judicial proceeding and does not dispute the detention itself, is not cognizable." *Artiaga v. Money*, No. 3:04-cv-7121, 2007 WL 928640, at *9 (N.D. Ohio March 27, 2007) (citing *Kirby*, at 247-48). Such are the circumstances here. Petitioner's claim that the trial court improperly imposed a mandatory fine, even if resolved in his favor, would not result in his release or any reduction in his time to be served or in any other way affect his detention. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (quoting *Kirby*, 794 F.2d at 247). It therefore does not provide him a basis for federal habeas corpus relief.

> "The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas

6

statutes." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); accord *Fields v. Oklahoma*, 243 Fed.Appx. 395, 397 (10th Cir. 2007) (unpublished); *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987); *Tinder v. Paula*, 725 F.2d 801, 804–05 (1st Cir.1984); Spring v. Caldwell, 692 F.2d 994, 996–97, 999 (5th Cir.1982); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982); *Hanson v. Circuit Court of the First Judicial Circuit of Ill.*, 591 F.2d 404, 407 (7th Cir. 1979); *Wright v. Bailey*, 544 F.2d 737, 739 (4th Cir. 1976).

*Erlandson v. Northglenn Municipal Court*, 528 F.3d 785, 788 (10th Cir. 2008).

### 2. Claim Two

In claim two, Petitioner asserts that the trial court abused its discretion under the provisions of Ohio law, by sentencing him to eight years of incarceration. However, claims regarding the alleged violation of state law likewise do not provide a basis for federal habeas corpus relief.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

7

## **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date: April 23, 2019                                       /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE